766 So.2d 1103 (2000)
LEE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, Appellee.
No. 2D00-1783.
District Court of Appeal of Florida, Second District.
August 16, 2000.
*1104 James G. Yaeger, County Attorney, and Thomas L. Wright, Assistant County Attorney, Fort Myers, for Appellant.
John J. Fumero, General Counsel, and James E. Nutt, West Palm Beach, for Appellee.
PER CURIAM.
Lee County filed an administrative appeal in this court seeking review of an emergency resolution of the South Florida Water Management District which provided that water be immediately released from Lake Okeechobee into the Caloosahatchee River and its estuaries in Lee County. The resolution, which concluded that the natural ecosystem of the lake was immediately threatened by its high water level, was passed after an emergency public hearing. See § 120.525, Fla. Stat. (1999)(providing that an agency may hold an emergency hearing without the statutorily required seven-day notice if the agency finds that an immediate danger to the health, safety, or welfare requires immediate action). We affirm.
Before reaching the merits of this appeal, we directed the parties to file jurisdictional briefs. Lee County argued that this court has jurisdiction to review the resolution as a final agency action pursuant to section 120.68, Florida Statutes (1999), which provides that a party who is adversely affected by a final agency action is entitled to judicial review. The District responded that the resolution represented an executive or quasi-executive decision to which Lee County was not a party and to which Lee County was not entitled to judicial review pursuant to the Administrative Procedure Act. We agree with the District that the decision was executive in nature and that Lee County is not entitled to judicial review under section 120.68.
Lee County is, however, entitled to limited review of the agency's finding that an emergency hearing was permissible. The Administrative Procedure Act requires that seven days' notice be given for public meetings, hearings, or workshops unless an emergency hearing is necessary. See § 120.525(1). An emergency hearing may be held without the statutorily required notice if the agency "finds that an immediate danger to the public health, safety, or welfare requires immediate action." § 120.525(3). The agency's findings of immediate danger, necessity, and procedural fairness are judicially reviewable. See § 120.525(3)(c).
We now turn to our limited review of these issues. Lee County apparently agrees that the emergency meeting was procedurally fair, and argues only that there was no immediate necessity for the *1105 drawdown of the lake. The record however supports the District's conclusion to the contrary. We will not under these circumstances substitute our judgment for that of the District. See, e.g., Harloff v. City of Sarasota, 575 So.2d 1324 (Fla. 2d DCA 1991).
Lee County also urges us to reverse on the basis that the District itself caused the emergency situation by years of mismanagement. Although it appears from the record that this allegation may have merit, it does not alter the fact that the lake is now in crisis. It is entirely possible that the District should have addressed the environmental health of the lake earlier and that it could have used a longer, more deliberative process, allowing for full public comment, in its search for the best solution to the lake's problems. Nevertheless, at this point, the evidence supports the finding of immediate necessity and we must affirm.
Affirmed.
PATTERSON, C.J., and THREADGILL and ALTENBERND, JJ., Concur.